SLIP OPINION

Cite as 2016 Ark. 24

# SUPREME COURT OF ARKANSAS

No. CV–15–559

| | |
|---|---|
| LAMBERT AND LAMBERT INVESTORS, INC., AND GLENDON LAMBERT<br><br>APPELLANTS<br><br>V.<br><br>CRAIG HARRIS AND TABITHA HARRIS, INDIVIDUALLY AND AS CLASS REPRESENTATIVES ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED<br>APPELLEES | **Opinion Delivered** January 28, 2016<br><br>APPEAL FROM THE DESHA COUNTY CIRCUIT COURT [NO. CV-2013-6]<br><br>HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE<br><br><br><br>AFFIRMED. |

**PAUL E. DANIELSON, Associate Justice**

Appellants Lambert and Lambert Investors, Inc., and Glendon Lambert (collectively, "Lambert") appeal from the order of the Desha County Circuit Court granting the motion for class certification under Arkansas Rule of Civil Procedure 23 (2015) filed by appellees Craig Harris and Tabitha Harris, individually and as class representatives on behalf of themselves and all others similarly situated (collectively, "the Harrises"). Lambert asserts that the circuit court abused its discretion in finding that the elements of commonality, predominance, superiority, and typicality had been satisfied and erred in determining substantive issues during the class–certification stage of the proceedings. We affirm the circuit court's order.

The Harrises initially brought suit against Lambert on their own behalf; however, by their first amended and second amended complaints, they sought relief on behalf of all similarly situated persons, alleging that Lambert had violated article 19, section 13, of the Arkansas Constitution by charging usurious rates of interest and had engaged in deceptive-trade practices when Lambert had entered into contracts for the sale and purchase of real property with members of the proposed class. In their second amended complaint, the Harrises sought relief in the form of the following:

> (a) certification of the class as proposed, and costs and expenses for recognizing, approving, and certifying the class; (b) judgment for compensatory, consequential and punitive damages for usury and deceptive trade practices in an amount more than required for federal court jurisdiction in diversity of citizenship cases; (c) cancellation of future interest on any active, usurious contract with Lambert and Lambert Investors, Inc.; (d) judgment for reasonable attorney's fees and costs incurred herein; and (e) any and all other just and proper relief.

Lambert denied the material allegations and asserted the affirmative defenses of waiver, accord and satisfaction, set-off, release, mistake, and failure to state a claim upon which relief could be granted, as well as comparative fault, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, res judicata, statute of frauds, statute of limitations, collateral estoppel, preemption, discharge, and novation.

The Harrises subsequently moved for class certification, contending that each requirement of Rule 23 had been satisfied. Lambert opposed the motion, asserting that the motion was premature and disputing that the Rule's requirements had been met. Following

SLIP OPINION

a hearing on the issue of class certification, the circuit court entered its order on March 10, 2015, granting the Harrises' motion, which had sought identification of the class as

> [a]ll Arkansas citizens who made payments on contracts for the sale and purchase of Arkansas real property entered into with . . . Lambert and Lambert Investors, Inc. in the five year period preceding the date [the Harrises'] First Amended Complaint was filed and whose contracts state on their face a rate of interest in excess of 5% per annum above the federal reserve discount rate in effect on the date the contracts were signed,

and finding that Rule 23's requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority had been fulfilled. Lambert now appeals.

## I. *Commonality, Predominance, and Superiority*

Lambert first takes issue with the circuit court's findings on commonality and predominance. He claims that commonality is lacking because a fundamental analysis of the parties' intent to form each contract is required on an individual basis in regard to both whether the rate of each contract was usurious and whether a deceptive trade practice occurred. Lambert further asserts that testimony as to each class member's understanding of the terms of his or her respective contract will be required, thereby resulting in a lack of superiority. He submits that each class member's claim is unique, requiring testimony and a unique analysis, which he asserts destroys both requirements of predominance and superiority. Likewise, he claims, commonality is destroyed because there is no common pattern to address each class member's claim.

The Harrises respond that Lambert engaged in a common course of conduct when he negotiated, processed, and financed all of his contracts in substantially the same manner, on

SLIP OPINION

substantially the same terms, for all members of the proposed class. They maintain that this common course of conduct gave rise to the repetitive, similar claims by each class member. The Harrises further contend that the common questions found by the circuit court predominate and that class certification is certainly the more efficient manner to handle the class members' cases, thereby meeting the requirement of superiority.

Rule 23 of the Arkansas Rules of Civil Procedure governs class actions and provides, in pertinent part:

> (a) *Prerequisites to Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties and their counsel will fairly and adequately protect the interests of the class.

> (b) *Class Actions Maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. At an early practicable time after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. For purposes of this subdivision, "practicable" means reasonably capable of being accomplished. An order under this section may be altered or amended at any time before the court enters final judgment. An order certifying a class action must define the class and the class claims, issues, or defenses.

Ark. R. Civ. P. 23(a), (b). Our law is well settled that the six requirements for class-action certification are (1) numerosity, (2) commonality, (3) typicality, (4) adequacy, (5) predominance, and (6) superiority. *See Campbell v. Asbury Auto., Inc.*, 2011 Ark. 157, 381 S.W.3d 21. This court will not reverse a circuit court's ruling on class certification absent an

SLIP OPINION

abuse of discretion. *See id.* In reviewing a circuit court's class-certification order, "this court focuses on the evidence in the record to determine whether it supports the trial court's conclusion regarding certification." *Id.* at 14–15, 381 S.W.3d at 33 (quoting *Gen. Motors Corp. v. Bryant*, 374 Ark. 38, 42, 285 S.W.3d 634, 638 (2008)). We have held that "neither the trial court nor the appellate court may delve into the merits of the underlying claim in determining whether the elements of Rule 23 have been satisfied." *Id.* at 15, 381 S.W.3d at 33 (quoting *Bryant*, 374 Ark. at 42, 285 S.W.3d at 638). Our court has said on this point that "a trial court may not consider whether the plaintiffs will ultimately prevail, or even whether they have a cause of action." *Id.* at 15, 381 S.W.3d at 33 (quoting *Bryant*, 374 Ark. at 42, 285 S.W.3d at 638). We therefore view the propriety of a class action as a procedural question. *See id.*

Turning to Lambert's contention that commonality is lacking, Rule 23(a)(2) requires the circuit court to make a determination that "there are questions of law or fact common to the class." Ark. R. Civ. P. 23(a)(2). This court's case law establishes that this requirement be case specific. *See Johnson's Sales Co. v. Harris*, 370 Ark. 387, 260 S.W.3d 273 (2007). Rule 23(a)(2) does not require that all questions of law or fact be common; rather, the standard is that there need be only a single issue common to all members of the class. *See id.* Moreover, when the party opposing the class has engaged in some course of conduct that affects a group of persons and gives rise to a cause of action, one or more of the elements of that cause of action will be common to all of the persons affected. *See id.* Here, the circuit court found that Lambert used the same master contract containing similar contract language in his

transactions with each member of the proposed class. Moreover, each member claims that, by using these contracts, Lambert charged interest in usurious amounts and, by doing so, engaged in deceptive trade practices.

With respect to predominance, Rule 23(b) requires that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Ark. R. Civ. P. 23(b). Predominance is a more stringent requirement than commonality. *See GGNSC Arkadelphia, LLC v. Lamb*, 2015 Ark. 253, 465 S.W.3d 826. We have explained that the starting point in examining the predominance issue is whether a common wrong has been alleged against the defendant. *See id*. If a case involves preliminary, common issues of liability and wrongdoing that affect all class members, the predominance requirement of Rule 23 is satisfied, even if the circuit court must subsequently determine individual damages issues in bifurcated proceedings. *See id*.

Lambert, however, argues that individual questions exist, which are so pervasive in nature that they destroy commonality and predominance. We disagree. The mere fact that individual issues and defenses may be raised by Lambert regarding the recovery of individual members cannot defeat class certification when there are common questions concerning Lambert's alleged wrongdoing that must be resolved for all class members. *See Nat'l Cash, Inc. v. Loveless*, 361 Ark. 112, 205 S.W.3d 127 (2005). The common issues regarding usury and deceptive trade practices can be addressed before individual issues are resolved. To that end, we cannot say that the circuit court abused its discretion in concluding that the commonality and predominance requirements were satisfied.

SLIP OPINION

The next question, then, is whether the requirement of superiority is lacking. This court has repeatedly held that the superiority requirement is satisfied if class certification is the more efficient way to handle the case, and it is fair to both sides. *See FirstPlus Home Loan Owner 1997-1 v. Bryant*, 372 Ark. 466, 277 S.W.3d 576 (2008). Real efficiency can be had if common, predominating questions of law or fact are first decided, with cases then splintering for the trial of individual issues, if necessary. *See id.* When a circuit court is determining whether class-action status is the superior method for adjudication of a matter, it may be necessary for the circuit court to evaluate the manageability of the class. *See id.*

Lambert appears to take the position that there is no one set of operative facts common to all class members and superiority is therefore lacking. Yet, as already set forth, there are common issues presented in the instant case that predominate over any possible individual issues. In addition, attached to the circuit court's order of certification is a chart of sixty-nine potential class members already identified by the Harrises. As we have previously observed when examining superiority, the avoidance of multiple suits lies at the heart of any class action. *See Campbell*, 2011 Ark. 157, 381 S.W.3d 21. And finally, we have held that proceeding as a class action is fair to both sides. *See id.* Based on the record before us, there was no abuse of discretion on the part of the circuit court in finding that the requirement of superiority had been met.

## II. *Substantive Issues*

Lambert next contends that the circuit court erred in determining substantive issues during the class-certification stage of the proceedings. Specifically, he avers that in reaching

its determination on class certification, the circuit court concluded that Arkansas law applied to the contracts at issue. The Harrises respond that, while the circuit court's order referenced the language in the master contract invoking Arkansas law, the circuit court's mention thereof in no way precludes any federal-preemption defense by Lambert.

A careful review of the circuit court's order reveals that Lambert's argument is without merit. In its order, the circuit court did reference the contract language dealing with the applicability of Arkansas law; however, the circuit court in no way decided the issue of whether Arkansas law was indeed applicable. To the contrary, the circuit court specifically found that

> [d]efendant Lambert argues that Plaintiffs misinterpret the statute of limitations governing usury claims, and separately, that Plaintiffs' usury claims have been federally preempted. However that may be, at least for purposes of class certification, this Court is not to consider the validity of these defenses, because class certification is a purely procedural issue.

### III. *Typicality*

As his final point on appeal, Lambert asserts that the circuit court abused its discretion in finding that typicality was not lacking. He avers that the claims of the putative class members are "subject to separate defenses" and, therefore, the class lacks typicality. The Harrises counter that there was no error on the circuit court's part.

This court has long held that the typicality requirement is satisfied if the class representative's claim arises from the same common wrong alleged by the members of the class. *See Simpson Housing Sols., LLC v. Hernandez*, 2009 Ark. 480, 347 S.W.3d 1. We have often quoted with approval the following language from Newberg's treatise on class actions:

> Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct. In other words, when such a relationship is shown, a plaintiff's injury arises from or is directly related to a wrong to a class, and that wrong includes the wrong to the plaintiff. Thus, a plaintiff's claim is typical if it arises *from the same event or practice or course of conduct* that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory. When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met *irrespective of varying fact patterns which underlie individual claims.*

*FirstPlus*, 372 Ark. at 476, 277 S.W.3d at 584 (quoting 1 Herbert B. Newberg, *Newberg on Class Actions* § 3.13, at 166–67 (2d ed. 1985)) (emphasis in *FirstPlus*). In determining whether the typicality requirement has been met, this court focuses on the defendant's conduct—not on the injuries or damages suffered by the plaintiffs. *See Hernandez*, 2009 Ark. 480, 347 S.W.3d 1.

As this court observed in *Teris, LLC v. Chandler*, 375 Ark. 70, 289 S.W.3d 63 (2008), the correct inquiry focuses on whether the claims of the representatives and the class members are based on the same legal theory and include allegations that the same illegal conduct affects the representatives and the class seeking to be represented. In the instant case, the Harrises alleged that Lambert charged a usurious amount of interest and engaged in deceptive trade practices in his execution of the contract with them for the sale and purchase of real property, and this allegation is the same for all putative class members. The essence of the typicality requirement is the conduct of the defendants and not the varying fact patterns and degree of injury or damage to individual class members. *See BNL Equity Corp. v. Pearson*, 340 Ark. 351,

10 S.W.3d 838 (2000). We cannot say that the circuit court abused its discretion in finding that the requirement of typicality had been established.

For all of the foregoing reasons, we affirm the circuit court's order.

Affirmed.

*Amos J. Richards*, for appellant.

*Bridges, Young, Matthews & Drake PLC*, by: *John P. Talbot*, for appellees.