BAPTIST HEALTH *v.* Linda HAYNES,
Kimberly Seigrist, Andre Hutson

06-435                                                    240 S.W.3d 576

Supreme Court of Arkansas
Opinion delivered October 5, 2006

*Friday, Eldredge & Clark, LLP,* by: *Robert S. Shafer, William A. Waddell, Jr.,* and *David D. Wilson,* for appellant.

*Ludwig Law Firm, PLC,* by: *Gene A. Ludwig,* and *Catlett &*

*Stodola, PLC,* by: *S. Graham Catlett, H. Bradley Walker, Christian C. Michaels,* and *Paul G. Charton,* for appellees.

TOM GLAZE, Justice. This is an appeal from a class-certification order entered on December 29, 2005. The class-action complaint, filed on February 3, 2005, alleged that appellant Baptist Health ("Baptist") violated the terms of contracts to purchase medical services. The complaint, which was filed by appellees Linda Haynes and Kimberly Seigrist,[1] individually and as class representatives, alleged that Baptist charged "self-pay"patients — i.e., those without private medical insurance or those enrolled in a government medical plan — significantly more than it charged private insurers or government health plans. According to the complaint, by charging the self-pay patients a rate in excess of the "reasonable value" of the services provided by Baptist, Baptist breached its contracts with the plaintiffs. The complaint sought certification of a class of individuals described as follows:

> [T]hose persons who, from February 2, 1999, through the date of judgment, contracted with [Baptist] to purchase medical services and/or medical goods, which services and/or goods were not (a) paid by a governmental medical plan or program; or (b) paid by a private entity in the business of providing insurance coverage pursuant to a prenegotiated private health insurance contract with [Baptist].

Haynes and Seigrist sought both monetary damages and a declaratory judgment to the effect that Baptist was entitled only to the reasonable value of the medical care rendered for any medical care received by the plaintiffs and class members.

Baptist moved to dismiss the complaint, but after a hearing on September 13, 2005, the trial court denied Baptist's motion. Baptist also filed a motion pursuant to Ark. R. Civ. P. 23 and 52, asking the trial court to make specific findings of fact and conclusions of law with respect to the plaintiffs' request for class certification. On October 18, 2005, the circuit court held a hearing on the plaintiffs' motion for class certification. Following that hearing, both plaintiffs and Baptist filed proposed findings of fact and conclusions of law.

---

[1] The plaintiffs filed a supplemental complaint adding appellee Andre Hutson as an additional plaintiff and proposed class representative on July 27, 2005.

On December 29, 2005, the trial court entered its order certifying the case as a class action. The order defined the class as follows:

> All persons, from February 3, 2000, who signed admissions forms with Baptist Health and who are obligated for payment of a patient's account for medical goods and/or services, where the amount assessed by Baptist Health to satisfy their account has been set at the full catalogue rate and who have paid, or had paid on their behalf or the patient's behalf, a sum of 50% or more of the charge catalogue rate.
>
> The class shall not include persons whose services and/or goods were paid pursuant to a governmental medical plan or program, or a pre-negotiated insurance contract, or other contract, wherein Baptist Health has agreed to accept an amount less than its charge catalogue rate to satisfy the patient's obligation. A person will not qualify to be included in the class where the account has been the subject of litigation, judgment has been entered, and the time for appeal has expired.

After making various findings of fact, the trial court stated its conclusions of law briefly, finding that the requirements of Ark. R. Civ. P. 23 had been satisfied.

Both the plaintiffs and Baptist subsequently filed motions for additional findings of fact and conclusions of law. However, the trial court denied both motions in separate orders filed on January 27, 2006. That same day, Baptist filed its notice of appeal. Baptist now raises two arguments for reversal, contending that the trial court 1) abused its discretion in determining that the plaintiffs satisfied Rule 23's requirements of commonality, predominance, and superiority; and 2) erred in rendering findings of fact and conclusions of law that do not adequately allow for meaningful appellate review.

We address Baptist's second argument first. The standard of review for either the grant or denial of a certification of a class action is whether the trial court abused its discretion. *Farm Bureau Mut. Ins. Co. v. Farm Bureau Policy Holders*, 323 Ark. 706, 918 S.W.2d 129 (1996); *Arthur v. Zearley*, 320 Ark. 273, 895 S.W.2d 928 (1995). Rule 23 of the Arkansas Rules of Civil Procedure details the requirements for a class-action suit. It states:

> (a) One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so

numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this section may be conditional and it may be altered or amended before the decision on the merits.

*See also BPS Inc. v. Richardson,* 341 Ark. 834, 20 S.W.3d 403 (2000). We have reviewed the provisions of Rule 23 on numerous occasions and have held that, in order for a class-action suit to be certified, six factors must be met. Specifically, the party seeking certification must establish: (1) numerosity; (2) commonality; (3) typicality; (4) adequacy; (5) predominance; and (6) superiority. *Id.; see also Mega Life & Health Ins. v. Jacola,* 330 Ark. 261, 954 S.W.2d 898 (1997).

When we review a class-action certification, we will review the trial court's analysis of the factors upon which certification must be based. *BPS, supra.* Although we do not delve into the merits of the underlying claims in a potential class-action case, we will review the trial court's order to determine whether the requirements of Rule 23 are satisfied. *Id.* In the instant case, Baptist argues that such a review is impossible because the trial court's order is insufficient. We agree.

As mentioned above, Baptist only challenges the court's conclusions regarding the Rule 23 elements of commonality, predominance, and superiority. The court's conclusions of law with respect to these three elements were as follows:

14. The requirement of commonality concerning issues of fact and law is satisfied.

. . . .

18. The requirement of predominance is satisfied.

19. The requirement of superiority is satisfied.

Baptist, which filed a Rule 52 motion seeking specific findings of fact and conclusions of law prior to the trial court's entry of the class-certification order, urges that the trial court's order fails to make the "brief, definite, pertinent findings and conclusions upon the contested matters" that are required by this court's case law. *See BPS, supra.* This court first discussed the interplay between Rule 23 and Rule 52 in *Mega Life, supra.* There, the appellant, Mega Life & Health Insurance Co., argued that this court should reverse the trial court's certification order because the lower court failed to make specific findings regarding the existence of the Rule 23 requirements. In rejecting this argument, our court wrote as follows:

> This issue is governed by Ark. R. Civ. P. 52(a) which states that "findings of fact and conclusions of law are ünnecessary on decisions of motions under these Rules," but that the court *shall* enter such specific findings and conclusions upon the request of a party. It does not appear from the abstract that Mega ever requested that the court make such specific findings in regard to the predominance and superiority requirements of Rule 23(b).

> Moreover, Rule 52(b) states that upon a motion of a party made no later than ten days after the entry of judgment, the court may amend its findings of fact or make additional findings. Thus, Mega had ten days after the order of certification was entered to ask the trial court to make additional findings regarding the Rule 23(b) elements. Mega, however, failed to make such a request. Because Mega failed to request specific findings in regard to the Rule 23(b) elements either prior to or after the entry of the order of certification, we hold that it has waived this issue on appeal. [Citations omitted.]

*Mega Life*, 330 Ark. at 267-68 (emphasis added).

Similarly, in *BPS, supra*, appellant BPS argued that the case should be reversed and remanded because the trial court failed to make specific findings of fact and conclusions of law pursuant to Rule 52. The court noted that Rule 52 "has been interpreted to mean that 'if findings under Rule 52(a) are timely requested, *the trial court is required to make specific findings of fact and conclusions of law*

and to file the same with the clerk of the trial court so that such findings may be made part of the record.' " *BPS*, 341 Ark. at 848–49 (emphasis added) (quoting *McWhorter v. McWhorter*, 70 Ark. App. 41, 14 S.W.3d 528 (2000)). The distinction between *BPS* and *Mega Life* was that, in *BPS*, the appellant/defendant *had made a request for specific findings under Rule 52*. This court noted that BPS filed two separate motions requesting specific findings and conclusions, one four months before the trial court entered its order certifying the case as a class action, and the second approximately three months prior to the entry of the order. *BPS*, 341 Ark. at 849. The order that was entered provided simply that the court found that "the prerequisites of Rule 23(b) have been met," and that, "in accordance with Rule 23(b) . . . the questions of law or fact common to the members of the class predominate over those questions affecting only individual class members." *Id.* at 850.

On appeal, the *BPS* court concluded that the trial court had abused its discretion in entering such an order, writing as follows:

> We conclude that *this order does not meet the mandatory requirements of Rule 23*. Specifically, evaluating the trial court's order we cannot be certain of: (1) the number of members in the class which the trial court used to determine whether the numerosity requirement was met (estimated size of the class ranged from 100 members to 20,000 members); (2) what the trial court found to be the "common questions of law or fact"; (3) what claims the trial court found to be held by the representative parties which would be "typical" of the claims of the proposed class and whether such claims would be subject to defenses not applicable to all members of the class; (4) why the named plaintiffs' claims predominate over claims held by individual class members; (5) why the trial court found that the representative parties would fairly and adequately represent the class; or (6) why the trial court found that a class action is "superior to other available methods for a fair and efficient adjudication of all the actual and potential claims."

> Here, the trial court's order does not provide the parties or this court with an analysis of the requirements of Rule 23 or specific factual findings of fact or conclusions of law pursuant to Rule 52. Because it failed to comply with these requirements we conclude that the trial court has abused its discretion in certifying this case for class-action status. For a class action to serve the purpose of an efficient and fair means of resolving claims arising out of the same circumstances, these issues must be analyzed.

*Id.* at 850–51 (emphasis added).

A similar issue was again raised in *Lenders Title Co. v. Chandler*, 353 Ark. 339, 107 S.W.3d 157 (2003) (*Lenders I*). In *Lenders I*, the trial court entered an order certifying a class action in which the court's conclusions of law provided, in pertinent part, as follows:

> 9. The legal requirements of commonality, numerosity, typicality, and adequacy have all been clearly and convincingly demonstrated.
>
> . . . .
>
> 11. The common issues raised in the Plaintiff's complaint would predominate throughout the class, and a class action is the superior method with which to address the issues raised in this case.

*Lenders I*, 353 Ark. at 347.

The *Lenders I* court found that the trial court's order, like the order entered in *BPS, supra,* "[*fell*] *short of the requirements of Rule 23,*" because it did not state what the trial court found to be the questions of law or fact that were common to the class, nor did it explain why or how the common issues would predominate over individual issues, or why a class action would be the superior method for adjudicating the claims. *Id.* (emphasis added).

Our court further rejected an argument, raised by appellee Chandler in *Lenders I*, that requiring such an analysis conflicted with other Arkansas cases that refused to require the trial court to "conduct a rigorous analysis before certifying a case as a class action." *Id.* at 348. Quoting *Mega Life*, 330 Ark. at 269, 954 S.W.2d at 901, the *Lenders I* court wrote the following:

> We have consistently maintained that the trial court is not required to conduct a rigorous analysis before it may certify a case as a class action. The fact that we have refused to adopt such a strict standard, however, does not mean that there is no standard at all. *The trial court must undertake enough of an analysis to enable us to conduct a meaningful review of the certification issue on appeal. At a minimum, this requires more than a cursory mention of the six criteria or bare conclusions that those criteria have been satisfied.* The trial court cannot simply rubber stamp the complaint.

*Lenders I*, 353 Ark. at 349 (emphasis added).

In the present case, applying the holdings in *BPS* and *Lenders I*, it is plain to see that the trial court's order is insufficient. In addition to Baptist's pre-order Rule 52 motion, both the plaintiffs and Baptist submitted proposed findings of fact and conclusions of law to the trial court prior to the entry of the class-certification order, as well as motions for additional, specific findings and conclusions after the court entered its order.[2] However, as noted above, the order simply stated that "[t]he requirement of commonality concerning issues of fact and law is satisfied," "[t]he requirement of predominance is satisfied," and "[t]he requirement of superiority is satisfied." While the trial court's order recited ten findings of fact and seven conclusions of law, none of those findings or conclusions appear, at this stage, to satisfy this court's precedents regarding an analysis of the Rule 23 factors. Stated another way, although the court's order provides that "approximately 2000" patients each year sign an identical contract with Baptist, the order does not explain what the common issues of law or fact are, nor does it explain how or why those common issues predominate, or why a class action is a superior method of adjudicating the plaintiffs' claims.

---

[2] The gist of the plaintiffs' proposed findings was that Baptist was charging uninsured patients more than it charged insured patients or patients with Medicare coverage. Their theory was that 1) all class members signed a contract with Baptist agreeing to pay for medical services; 2) the contract did not specify a price for those services; 3) the contract should be construed to restrict Baptist to charging a "reasonable" price; and 4) by charging uninsured patients more than it charges insured patients, Baptist has breached the "reasonableness" provision of the contract. Moreover, the plaintiffs suggested that the trial court incorporate a conclusion of law on the predominance issue to the effect that "[t]he focal point of Plaintiffs' action is the price, as defined or not defined, in the form-contract used for all admissions at Baptist.... The resolution of this pivotal issue will either result in (a) the dismissal of Plaintiffs' claims, or (b) a basis for determining damages."

Baptist, on the other hand, suggested proposed findings of fact and conclusions of law that would have concluded that "individual factual issues" predominated over any common issues. Among other contentions, Baptist asserted that the trial court should find that, "because every patient's medical condition necessitates different medical treatment, services, and supplies that are not known at the time of admission," "the particular circumstances surrounding each class member's bill would have to be analyzed" in order to "determine whether any particular class member had paid in excess of a 'reasonable' charge for each line item[.]"

Both parties recognized failures in the written order certifying the class. Baptist, of course, disagreed with the merits of the ruling, suggesting findings of fact and conclusions of law that would have resulted in denial of the class-certification motion. The plaintiffs, on the other hand, specifically cited *Lenders I, supra*, pointing out to the trial court that the court was required to "make certain specific findings so as to give the appellate court adequate information to review the decision to certify." Therefore, the plaintiffs asked the court to "make a few additional findings of fact to support its conclusions," in order to "avoid the possibility of an appeal on this very issue, and the delays that would accompany a remand of the case for additional findings based on the record of the case."

In rejecting both parties' post-order requests for additional findings, the trial court declared that it had gone through the record and exhibits, and had "put the items down that [the court] thought were necessary for the class certification order." Thus, the court stated that it was "denying both [parties'] motions [for additional findings under Rule 52], every paragraph of both of those motions." The court entered its orders to that effect on January 27, 2006, stating that it was denying both motions for additional findings "[f]or the reasons stated in open court."

■ The trial court's decision was in error. The court was required to enter specific findings of fact and conclusions of law in response to Baptist's Rule 52 motion, which was filed prior to the entry of the class-certification order. *See* Ark. R. Civ. P. 52(a); *BPS, supra*. Moreover, by denying the parties' post-order motions and refusing to enter an order that provides the parties and this court with an analysis of the requirements of Rule 23 or specific factual findings of fact and conclusions of law pursuant to Rule 52, the trial court failed to comply with this court's case law. Thus, we conclude that the trial court abused its discretion when it entered its insufficient class-certification order.[3] Because we must reverse and remand on this point, we do not address Baptist's other

---

[3] On May 25, 2006, this court issued a *per curiam* in which it adopted certain amendments to Rule 23. Of specific import for the case at hand, Rule 23(b) was revised to incorporate the following sentence at the end of that subsection: "An order certifying a class action *must define the class and the class claims, issues, or defenses.*" (Emphasis added.) The Addition to Reporter's Note, 2006 Amendment, comments on this addition as follows:

argument that the record does not support the criteria required for class certification under Rule 23.

Reversed and remanded.

A new sentence has been added to the end of subdivision (b). As the cases make plain, the certification order must define the class in sufficiently definite terms so that the court and the parties may identify the class members. [Citation omitted.] Identifying the claims, issues, and defenses will likewise help in identifying class members and expedite the resolution of the litigation. The amendment tracks existing Arkansas law and the federal Rule. This amendment does not alter the precedent holding that the circuit court is not required to perform a rigorous analysis of the case at the certification stage. *E.g., THE/FRE, Inc. v. Martin,* 349 Ark. 507, 514, 78 S.W.3d 723, 727 (2002). *But the circuit court must "undertake enough of an analysis to enable [the appellate court] to conduct a meaningful review." See Lenders Title Co. v. Chandler,* 353 Ark. 339, 349, 107 S.W.3d 157, 162 (2003).

Addition to Reporter's Notes, 2006 Amendment (emphasis added). Thus, this court's case law, as reflected in *Lenders Title* and *BPS*, has now been incorporated into the rule itself, and this will hopefully help litigants and courts avoid precisely this sort of issue in the future.