SLIP OPINION

Cite as 2017 Ark. 315

# SUPREME COURT OF ARKANSAS

No. CV–17–86

|  |  |
|---|---|
| INDUSTRIAL WELDING SUPPLIES OF HATTIESBURG, LLC; AIRGAS, INC.; AND AIRGAS USA, LLC<br><br>APPELLANTS<br><br>V.<br><br>JOHN PINSON AND LARRY MURPHY ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED<br><br>APPELLEES | Opinion Delivered: November 16, 2017<br><br>APPEAL FROM THE UNION COUNTY CIRCUIT COURT [70CV–12–221]<br><br>HONORABLE DAVID F. GUTHRIE, JUDGE<br><br>REMANDED WITH INSTRUCTIONS. |

**KAREN R. BAKER, Associate Justice**

Appellants Industrial Welding Supplies of Hattiesburg, LLC ("Industrial Welding"); Airgas, Inc., and Airgas USA, LLC (collectively "Airgas"), bring an interlocutory appeal of the Union County Circuit Court's order certifying a class action filed by appellees John Pinson, Larry Murphy, and others similarly situated (collectively "employees"). The employees were employed by Industrial Welding in one of their fifteen locations in Arkansas, Mississippi, or Alabama from December 31, 2011, through March 31, 2012. On appeal, appellants argue that the circuit court abused its discretion in granting the motion for class certification because (1) the employees failed to meet the commonality requirement by presenting proof that common issues of law or fact exist; (2) common issues of law and fact do not predominate over individual issues; and (3) a class action is not the superior method of resolving this controversy. Because this is an interlocutory appeal pursuant to

Rule 2(a)(9) of the Arkansas Rules of Appellate Procedure–Civil, our jurisdiction is proper pursuant to Arkansas Supreme Court Rule 1-2(a)(8).

## I.     *Facts and Procedural History*

On December 29, 2014, the employees filed their first amended complaint against Industrial Welding and Airgas.  The complaint alleged that on or about March 23, 2012, Industrial Welding announced that it had signed an agreement with Airgas under the terms of which Industrial Welding would be acquired by Airgas.  The scheduled closing date for the Industrial Welding and Airgas transaction was March 31, 2012.[1]  The employees alleged claims of breach of contract and unjust enrichment based on Industrial Welding's failure to compensate the employees for earned but unused vacation time.  Specifically, the employees argued that each member of the class worked for Industrial Welding during the 2011 calendar year and earned vacation that was due to be paid in 2012.  However, because each employee was terminated in 2012, each employee was entitled to payment for the unused vacation time he or she had earned in 2011.  Further, the complaint named Airgas as a party to the extent it is a survivor of Industrial Welding and because it purchased Industrial Welding, including its current liabilities and noncurrent liabilities.  To support their breach-of-contract claim, the employees first quoted the following portion of Industrial Welding's "Employee Policies and Guidelines Manual":[2]

---

[1] The effective date of the "Asset Purchase Agreement" between Industrial Welding and Airgas was April 1, 2012.  As of this date, most of the Industrial Welding's employees became employees of Airgas.

[2] This manual was distributed by Nordan Smith.  It is undisputed that Industrial Welding conducted business under the fictitious name of Nordan Smith, but it did not formally register this name in Arkansas.

**Vacation Schedules**

An employee becomes eligible for vacation upon completion of twelve (12) months of continuous service with the company.

Each employee earns vacation time as follows:

**1 week after one year of service**
**2 weeks after two years of service**
**3 weeks after ten years of service**
. . . .

In addition, if an employee resigns, is laid-off, or is terminated, that employee will be paid for unused earned vacation time for the calendar year of the occurring event.

Second, the employees relied on employment contracts entered into between Industrial Welding and one or more of the employees, which stated, "The Employee shall be entitled to an annual vacation, as is determined by existing policy."[3] Third, the employees alleged that Industrial Welding informed the employees by memo, "Vacation: 25% of your unused vacation (representing vacation acured [sic] from January 1 through March 21) will be paid to you on your final Nordan Smith payroll check." Finally, the employees relied on a letter from Airgas to the employees, which stated, "Your earned but unused vacation through March 30, 2012 will be paid out to you by Nordan Smith." As to the employees' unjust-enrichment claim, the employees alleged that Industrial Welding possessed and promised to pay money or its equivalent owed to the employees for earned but unpaid vacation time.

---

[3] The employees attached John Pinson's "Employment Agreement and Non-Compete Agreement" as an exhibit to the amended complaint. The amended complaint states that Larry Murphy's employment contract was not attached as an exhibit because it could not be located.

On January 14, 2015, Industrial Welding filed its answer to the employees' first amended complaint. On February 23, 2015, Airgas filed its answer to the employees' first amended complaint. Both Industrial Welding and Airgas sought to have the employees' complaint dismissed.

On May 24, 2016, the employees filed their amended motion for class certification to certify a class of "All persons who were employed by Industrial Welding Supplies of Hattiesburg, LLC on December 31, 2011, were so employed for at least one year prior thereto, and continued to be so employed until Industrial Welding Supplies of Hattiesburg, LLC on March 31, 2012." The employees restated the allegations contained in their amended complaint—this case involves vacation benefits that were owed to the employees but were not paid by Industrial Welding or its successor, Airgas.

On June 30, 2016, Industrial Welding filed its response to the employees' amended motion for class certification. Industrial Welding argued that class certification was inappropriate and asked the circuit court to deny the employees' motion for class certification.

On September 28, 2016, a hearing on the motion for class certification was held. During the hearing, the circuit court granted the employees' motion for class certification. On October 31, 2016, the circuit court entered its written order certifying the class. The appellants timely filed their notices of appeal. On appeal, the appellants argue that the circuit court abused its discretion in granting the employees' motion for class certification.[4]

---

[4] On March 29, 2017, Airgas sent a letter to the clerk of our court stating that it adopts Industrial Welding's brief in full.

4

Specifically, as to the breach-of-contract claim, the appellants contend that the employees failed to demonstrate commonality, predominance, and superiority.[5]

## II.    *Standard of Review*

An interlocutory appeal may be taken from an order certifying a case as a class action in accordance with Rule 23 of the Arkansas Rules of Civil Procedure. Circuit courts are given broad discretion in matters regarding class certification, and we will not reverse a circuit court's decision to grant or deny class certification absent an abuse of discretion. *ChartOne, Inc. v. Raglon*, 373 Ark. 275, 283 S.W.3d 576 (2008). When reviewing a circuit court's class-certification order, this court reviews the evidence contained in the record to determine whether it supports the circuit court's decision. *Teris, LLC v. Golliher*, 371 Ark. 369, 266 S.W.3d 730 (2007). Our focus is "whether the requirements of Rule 23 are met," and "it is totally immaterial whether the petition will succeed on the merits or even if it states a cause of action." *Philip Morris Cos. v. Miner*, 2015 Ark. 73, at 3, 462 S.W.3d 313, 316 (quoting *Am. Abstract & Title Co. v. Rice*, 358 Ark. 1, 9, 186 S.W.3d 705, 710 (2004)).

## III.    *Class Certification*

Rule 23 of the Arkansas Rules of Civil Procedure governs class actions and class certification. The rule provides, in pertinent part:

> (a) *Prerequisites to Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the

---

[5] The appellants do not challenge the employees' unjust-enrichment claim until their reply brief. This court will not address arguments raised for the first time in the appellants' reply brief, because the appellee is not given a chance to rebut the argument. *Coleman v. Regions Bank*, 364 Ark. 59, 216 S.W.3d 569 (2005).

claims or defenses of the class, and (4) the representative parties and their counsel will fairly and adequately protect the interests of the class.

    (b) *Class Actions Maintainable*. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. . . . *An order certifying a class action must define the class and the class claims, issues, or defenses*.

(Emphasis added.) Having considered the requirements of Rule 23, we now turn to the

circuit court's order granting class certification:

    On this 28th day of September, 2016, came on to be heard the Plaintiffs' Amended Motion for Class Certification, with Plaintiffs appearing through counsel of record Neil Chamberlin, Charles Harrison, Floyd M. Thomas, Jr. and Joe Hickey, Defendant Industrial Welding Supplies of Hattiesburg, LLC appearing through Thomas Stone, and Defendants Airgas, Inc. and Airgas USA, LLC appearing through Jerry Shivers and Molly Shepherd. Upon presentation and consideration of Plaintiffs' amended motion, and upon review and consideration of all papers, pleadings, and other submissions on file, the Court finds as follows:

    That the Plaintiffs have satisfied all elements of Rule 23 of the Arkansas Rules of Civil Procedure and class certification is appropriate in this case.

    The Court further finds that the named Plaintiffs, John Pinson and Larry Murphy, have demonstrated sufficient interest in and knowledge of this case such that they are each appropriate to serve as class representative in this matter.

    The Court has also considered the pleadings and other filings, as well as the presentations in hearings before this Court, and finds that the attorneys for the Plaintiffs have sufficient expertise and experience to serve as class counsel in this matter.

    The Court has also considered the pleadings and arguments of counsel and has determined that the class shall be defined as all persons who were employed by Industrial Welding Supplies of Hattiesburg, LLC on December 31, 2011, were so employed for at least one year prior thereto, and continued to be so employed until Industrial Welding Supplies of Hattiesburg, LLC was acquired by Airgas USA, LLC on March 31, 2012.

    WHEREFORE, it is hereby CONSIDERED, ORDERED and ADJUDGED that:

SLIP OPINION

1. A class shall be certified consisting of all persons who were employed by Industrial Welding Supplies of Hattiesburg, LLC on December 31, 2011, were so employed for at least one year prior thereto, and continued to be so employed until Industrial Welding Supplies of Hattiesburg, LLC was acquired by Airgas, LLC on March 31, 2012;

2. John Pinson and Larry Murphy shall be named representatives of said class; and

3. Class counsel shall be Neil Chamberlain and Charles Harrison of McMath Woods P.A., Floyd M. Thomas, Jr., and Joseph Hickey.

Upon our review of the circuit court's order, we hold that it fails to comply with the mandatory requirements contained in Rule 23(b) of the Arkansas Rules of Civil Procedure. As noted above, the last sentence of subsection (b) clearly states that "[a]n order certifying a class action *must define the class* and the *class claims, issues, or defenses*." (Emphasis added.) Here, as required by the rule, the circuit court defined the class as "all persons who were employed by Industrial Welding Supplies of Hattiesburg, LLC on December 31, 2011, were so employed for at least one year prior thereto, and continued to be so employed until Industrial Welding Supplies of Hattiesburg, LLC was acquired by Airgas, LLC on March 31, 2012." However, the circuit court failed to comply with the remainder of Rule 23(b)'s requirements to define the "class claims, issues, or defenses." In fact, the circuit court's only finding was the conclusory statement "[t]hat the Plaintiffs have satisfied all elements of Rule 23 of the Arkansas Rules of Civil Procedure and class certification is appropriate in this case."

While we recognize that neither party filed a Rule 52 motion for specific findings below, nor do they challenge the sufficiency of the order on appeal, the circuit court's failure to define the class claims, issues, or defenses, as required by Rule 23(b), prevents this court

7

from conducting a meaningful review of the order. In *Baptist Health v. Haynes*, 367 Ark. 382, 240 S.W.3d 576 (2006), we recognized that we first discussed the interplay between Rules 23 and 52 in *Mega Life & Health Insurance Co. v. Jacola*, 330 Ark. 261, 954 S.W.2d 898 (1997). In *Mega Life*, the appellant argued that this court should reverse the circuit court's certification order because the lower court failed to make specific findings regarding the existence of the Rule 23 requirements. In rejecting this argument, we explained:

> This issue is governed by Ark. R. Civ. P. 52(a) which states that "findings of fact and conclusions of law are unnecessary on decisions of motions under these Rules," but that the court shall enter such specific findings and conclusions upon the request of a party. It does not appear from the abstract that Mega ever requested that the court make such specific findings in regard to the predominance and superiority requirements of Rule 23(b).
>
> Moreover, Rule 52(b) states that upon a motion of a party made no later than ten days after the entry of judgment, the court may amend its findings of fact or make additional findings. Thus, Mega had ten days after the order of certification was entered to ask the trial court to make additional findings regarding the Rule 23(b) elements. Mega, however, failed to make such a request. Because Mega failed to request specific findings in regard to the Rule 23(b) elements either prior to or after the entry of the order of certification, we hold that it has waived this issue on appeal.

*Mega Life*, 330 Ark. at 267–68, 954 S.W.2d at 900.

Next, in *Haynes*, we discussed our decision in *BPS Inc. v. Richardson*, 341 Ark. 834, 20 S.W.3d 403 (2000). In *BPS*, the appellant argued that the case should be reversed and remanded because the circuit court failed to make specific findings of fact and conclusions of law pursuant to Rule 52. We explained that Rule 52 had been interpreted to mean that if findings under Rule 52(a) are timely requested, the circuit court is required to make specific findings of fact and conclusions of law. Thus, because the circuit court's order did not provide this court with an analysis of the requirements of Rule 23 or specific findings

of fact or conclusions of law pursuant to Rule 52, we reversed and remanded the case for analysis and findings as required by Rule 23 and Rule 52.

We explained that the distinction between *Mega Life* and *BPS* was that, in *BPS*, the appellant had made a request for specific findings under Rule 52. Whereas the appellant in *Mega Life* did not.

However, subsequent to *Mega Life* and *BPS*, Rule 23(b) was amended in 2006 to incorporate the following sentence at the end of that subsection: "An order certifying a class action *must define the class and the class claims, issues, or defenses*." (Emphasis added.) We noted this amendment in a footnote in *Haynes* and quoted with approval the Addition to Reporter's Note, 2006 Amendment, as follows:

> On May 25, 2006, this court issued a per curiam in which it adopted certain amendments to Rule 23. Of specific import for the case at hand, Rule 23(b) was revised to incorporate the following sentence at the end of that subsection: "An order certifying a class action *must define the class and the class claims, issues, or defenses*." (Emphasis added.) The Addition to Reporter's Note, 2006 Amendment, comments on this addition as follows:
>
>> A new sentence has been added to the end of subdivision (b). As the cases make plain, the certification order must define the class in sufficiently definite terms so that the court and the parties may identify the class members. [Citation omitted.] Identifying the claims, issues, and defenses will likewise help in identifying class members and expedite the resolution of the litigation. The amendment tracks existing Arkansas law and the federal Rule. This amendment does not alter the precedent holding that the circuit court is not required to perform a rigorous analysis of the case at the certification stage. *E.g.*, *THE/FRE, Inc. v. Martin*, 349 Ark. 507, 514, 78 S.W.3d 723, 727 (2002). *But the circuit court must "undertake enough of an analysis to enable [the appellate court] to conduct a meaningful review." See Lenders Title Co. v. Chandler*, 353 Ark. 339, 349, 107 S.W.3d 157, 162 (2003).
>
> Addition to Reporter's Notes, 2006 Amendment (emphasis added). Thus, this court's case law, as reflected in *Lenders Title* and *BPS*, has now been incorporated into the rule itself, and this will hopefully help litigants and courts avoid precisely this sort of issue in the future.

367 Ark. at 391 n.3, 240 S.W.3d at 583 n.3. While we recognize that the *Lenders* appellant filed a motion for specific findings pursuant to Rule 52, our explanation of the circuit court's standard for class certification is helpful to our analysis,

> We have consistently maintained that the trial court is not required to conduct a rigorous analysis before it may certify a case as a class action. The fact that we have refused to adopt such a strict standard, however, does not mean that there is no standard at all. The trial court *must undertake enough of an analysis to enable us to conduct a meaningful review of the certification issue on appeal. At a minimum, this requires more than a cursory mention of the six criteria or bare conclusions that those criteria have been satisfied. The trial court cannot simply rubber stamp the complaint.*

*Lenders*, 353 Ark. at 349, 107 S.W.3d at 162 (emphasis added).

We note that, in reference to *Mega Life*, the dissent states that "the majority proceeds to eviscerate that precedent based on a misunderstanding of our role in deciding this appeal." On the contrary, the dissent apparently misunderstands that our decision in this case turns on the 2006 amendment to Rule 23(b), which occurred over eight years after *Mega Life* was decided. Again, in the present case, we recognize that neither party made a Rule 52 motion for specific findings nor does either party address the sufficiency of the circuit court's order on appeal. However, whether or not the parties make a Rule 52 motion, the onus remains on this court to ensure compliance with Rule 23. Stated differently, even in the absence of a Rule 52 motion, the circuit court must still comply with the mandatory language contained in Rule 23 in order for this court to conduct a meaningful review.

The requirements in Rule 23(b) and in *Lenders*, compel more than a cursory mention of the six criteria or bare conclusions that those criteria have been satisfied. Here, we simply have the bare conclusion that the "Plaintiffs have satisfied all elements of Rule 23 of the Arkansas Rules of Civil Procedure and class certification is appropriate in this case." This

finding is clearly insufficient. After the 2006 amendment to Rule 23, Rule 23 and Rule 52 will continue to intersect. However, both rules also impose separate and distinct requirements. Rule 23 requires, at a minimum, that the circuit court define the class claims, issues, or defenses. In contrast, Rule 23 is not as exacting as Rule 52, which imposes a heightened standard because it requires the circuit court to make specific findings of fact and conclusions of law. Here, even in the absence of a Rule 52 motion, the circuit court is not relieved from its duty to comply with the minimum requirements of Rule 23. Accordingly, because the order granting class certification fails to comply with Rule 23(b), we remand with instructions to enter an order that complies with Rule 23. Because we remand, we are unable to address the remaining points on appeal.

Remanded with instructions.

WOOD, WYNNE, and WOMACK, JJ., dissent.

**ROBIN F. WYNNE, Justice dissenting.** Because I believe that it is unnecessary to remand in order to decide the issues on appeal, I respectfully dissent.

It is undisputed that no party made a motion for additional findings by the trial court pursuant to Arkansas Rule of Civil Procedure 52 (2016), a fact the majority recognizes. The majority also recites our holding in *Mega Life & Health Ins. Co. v. Jacola*, 330 Ark. 261, 954 S.W.2d 898 (1997), that we will not remand a certification order for findings regarding the requirements of Arkansas Rule of Civil Procedure 23 if no party made a motion for

11

additional findings under Rule 52.[6] Nonetheless, the majority proceeds to eviscerate that precedent based on a misunderstanding of our role in deciding this appeal.

In the order on appeal, the certified class is clearly defined. The circuit court made a finding that all of the Rule 23 requirements were satisfied. The additional findings the majority is requiring the circuit court to make do not touch on our jurisdiction to decide the case. The majority is simply incorrect in its assertion that remand is required for this court to conduct a meaningful review of the order, when the parties themselves do not consider the findings ordered on remand necessary to decide the appeal. Our review in this matter is not de novo; instead, we are to review the order for an abuse of discretion. A recitation of the class claims, issues, or defenses in the order is not necessary for us to conduct a meaningful review of the issues on appeal because the issues on appeal have been fully briefed by the parties and we are to review the order for an abuse of discretion based on the arguments presented.[7] The majority has not identified a single issue actually raised in this appeal that cannot be decided based on the record before us.

While I agree that the order ideally would have been more detailed, a break with our longstanding precedent regarding the parties' duty to raise non-jurisdictional issues is simply unnecessary here. Further, such a break is unwise in that it may produce troublesome consequences in future cases. Any future litigant who fails to raise an issue with either the

---

[6] Indeed, in every case cited by the majority in which this court remanded for additional findings, one of the parties had filed a motion with the trial court containing a request for additional findings.

[7] Notably, the majority cites no authority for its assertion that this court has an independent duty to ensure compliance with Rule 23 regardless of the arguments raised (or not raised) either below or on appeal.

trial court or this court may now have legitimate grounds to complain if this court does not independently discover potential defects in an order on appeal and deal with them sua sponte, as has been done here. Under these circumstances, I would reach the merits of the appeal.

For these reasons, I respectfully dissent.

WOOD and WOMACK, JJ., join.

*Dover Dixon Horne PLLC*, by: *Thomas S. Stone*, *Todd Wooten*, and *Carl F. "Trey" Cooper, III*, for appellant.

*McMath Woods P.A.*, by: *Charles D. Harrison* and *Neil Chamberlain*, for appellees.