JOHN DAN KEMP, Chief Justice
Koppers, Inc., appeals the Pulaski County Circuit Court's order certifying a *374 class action lawsuit filed by Koppers employees Kelvin Trotter, Nathane Davis, Lonzo Allen, and Ken Piggee, individually and on behalf of all others similarly situated (collectively referred to as employees). Koppers contends that the circuit court failed to provide any reasoning supporting class certification, precluding meaningful review and requiring reversal. Alternatively, Koppers contends that employees did not meet their burden of proving the requirements for class certification. We remand the case with instructions to enter an order that complies with Arkansas Rule of Civil Procedure 23 (2018).
I. Facts
Koppers operates a crosstie-treatment plant in North Little Rock, Arkansas. While working at the plant, employees must wear protective clothing and equipment provided by Koppers. Employees start each workday by clocking in at one of two bathhouses, taking off their street clothes, putting on ("donning") specified uniforms and personal protective equipment, and walking to their workstations. At the end of the shift, employees walk back to the bathhouses, remove ("doff") their uniforms and protective equipment, change back into their street clothes, and clock out.[1]
Employees filed suit against Koppers pursuant to the Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. §§ 11-4-201 et seq. for unpaid overtime. They claimed that Koppers violated the AMWA by failing to compensate them for time spent donning and doffing their uniforms and protective equipment and walking to and from their workstations. After filing their complaint, employees moved to certify a class of
[a]ll individuals who were, are, or will be employed by Defendant as hourly paid employees at the Koppers plant in North Little Rock, Arkansas, at any time within the three years prior to the filing of this Complaint through the date of the final disposition of this action, and who were, are, or will be required to perform donning and doffing activities.
Koppers removed the case to federal court based on diversity jurisdiction. After the case was removed, employees amended their complaint to add the current manager and a former manager of the North Little Rock plant as defendants. The addition of these defendants destroyed diversity, and the case was remanded to the circuit court.
After remand, Koppers answered and denied that employees were entitled to compensation for unpaid overtime. Koppers asserted that for each shift they worked, employees were paid for five minutes of time for putting on their uniforms and personal protective equipment, five minutes of time for walking to their workstations, and ten minutes of time for walking from their workstations to the bathhouses and changing out of their uniforms and personal protective equipment. Koppers also asserted that employees could not meet the requirements for class certification.
After discovery and briefing, the circuit court held a hearing on the motion for class certification. The circuit court took the motion under advisement and made no rulings from the bench. Subsequently, the circuit court notified the parties that it had decided to grant the motion.[2] Employees *375 submitted a proposed order, and Koppers objected to the form of the proposed order on several grounds, including that it contained "factual statements, legal reasoning, and legal conclusions [that] were never announced by the court."[3] Koppers stated that the court had "not relayed any findings of fact or conclusions of law to the parties, other than its indication that it would certify a class." Koppers submitted its own proposed order that it contended "reflects the decision to grant class certification."
On November 21, 2017, the circuit court entered an order granting employees' motion for class certification:
Having considered the submissions of the parties and the arguments of counsel, the court finds that the requirements of Arkansas Rule of Civil Procedure 23 are satisfied and therefore GRANTS the motion for class certification. The court certifies the following class:
All individuals who were, are, or will be employed by Defendant as hourly paid employees at the Koppers plant in North Little Rock, Arkansas, at any time between June 3, 2013, through the date of the final disposition of this action, and who were, are, or will be required to perform donning and doffing activities.
Koppers brings this interlocutory appeal of the circuit court's order granting the motion to certify this case as a class action. See Ark. R. App. P.-Civ. 2(a)(9) (2018). We review a certification order for abuse of discretion. E.g. , ChartOne, Inc. v. Raglon , 373 Ark. 275, 283 S.W.3d 576 (2008).
II. Law and Analysis
Rule 23 of the Arkansas Rules of Civil Procedure governs class actions. A circuit court may certify a class-action complaint if
(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, (4) the representative parties and their counsel will fairly and adequately protect the interests of the class, (5) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and (6) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.
Ark. R. Civ. P. 23(a)-(b). In shorthand terms, the requirements for class actions under Rule 23 are (1) numerosity, (2) commonality, (3) typicality, (4) adequacy, (5) predominance, and (6) superiority. Advance Am. Servicing of Ark., Inc. v. McGinnis , 2009 Ark. 151, 300 S.W.3d 487.
A certification order must do more than merely mention the six factors in Rule 23 or provide bare conclusions that all six factors have been satisfied. Lenders Title Co. v. Chandler , 353 Ark. 339, 349, 107 S.W.3d 157, 162 (2003) ; see Baptist Hosp. v. Haynes , 367 Ark. 382, 385, 240 S.W.3d 576, 579 (2006) (noting that this court reviews the circuit court's analysis of the factors for class certification). The circuit court must conduct an analysis to determine whether the Rule 23 requirements have been met, and that analysis must be reflected in the circuit court's order. Chandler , 353 Ark. at 349, 107 S.W.3d at 162 (stating that although a rigorous analysis is not required, the circuit *376 court must undertake enough of an analysis to enable us to conduct a meaningful review of the certification issue on appeal). Moreover, a certification order must define the class and the class claims, issues, or defenses. See Ark. R. Civ. P. 23(b). The circuit court may not simply rubber-stamp the complaint and certify a class under Rule 23. Chandler , 353 Ark. at 349, 107 S.W.3d at 162.
Relying on this court's decision in Industrial Welding Supplies of Hattiesburg, LLC v. Pinson , 2017 Ark. 315, 530 S.W.3d 854, Koppers contends that the class-certification order is deficient because (1) it fails to define the class claims, issues, or defenses, and (2) it fails to provide any analysis of the six Rule 23 factors. The employees in Pinson filed a class action against their employer, alleging breach of contract and unjust enrichment because of the employer's failure to compensate them for earned but unused vacation time. The circuit court granted the employees' motion for class certification. The certification order defined the class and stated, "Plaintiffs have satisfied all elements of Rule 23 of the Arkansas Rules of Civil Procedure and class certification is appropriate in this case." Id. at 7, 530 S.W.3d at 859. On appeal, we explained that the circuit court's failure to define the class claims, issues, or defenses and failure to provide any analysis of the six Rule 23 factors prevented a meaningful review. Id. at 7-11, 530 S.W.3d at 859-61 ; see id. at 10-11, 530 S.W.3d at 861 (stating that the circuit court's "bare conclusions" were "clearly insufficient"). We therefore remanded the case with instructions to enter an order that complied with Rule 23. Id. at 11, 530 S.W.3d at 861.
The order in the present case is akin to the order in Pinson . Here, the order stated in relevant part, "[T]he court finds that the requirements of Arkansas Rule of Civil Procedure 23 are satisfied and therefore GRANTS the motion for class certification." Like the order in Pinson , the order in the case at bar defined the class, but it failed to define the class claims, issues, or defenses. Further, the order in this case, like the order in Pinson , failed to provide any analysis of the six Rule 23 factors. Therefore, in conformity with Pinson , we remand the case with instructions to enter an order that complies with Rule 23. The circuit court must conduct an analysis to determine whether the Rule 23 requirements have been met, and that analysis must be reflected in the circuit court's order. See Chandler , 353 Ark. at 349, 107 S.W.3d at 162. Further, the order must define the class and class claims, issues, or defenses. Pinson , 2017 Ark. 315, 530 S.W.3d 854 ; Ark. R. Civ. P. 23(b).[4]
Remanded with instructions.
Special Justice John R. Scott joins in this opinion.
Wood and Womack, JJ., concur in part and dissent in part.
Goodson, J., not participating.

Employees must wear street clothes onto the premises, and they are not permitted to wear Koppers-supplied uniforms and equipment outside the plant.

The parties do not explain how they were notified, and no written notification appears in the record.

The proposed order is not in the record.

We note employees' argument that Koppers invited error in this case because it objected to a detailed order and proposed its own "generic order." In any event, the order contains no analysis of the Rule 23 factors, and it does not define the class claims, issues, or defenses. The lack of compliance with Rule 23 prevents this court from conducting a meaningful review of the certification order. See Pinson , 2017 Ark. 315, 530 S.W.3d 854. Therefore, we must remand the case to the circuit court.