Cite as 2020 Ark. 39

# SUPREME COURT OF ARKANSAS
No. CV-18-918

|  |  |
|---|---|
| | **Opinion Delivered:** January 30, 2020 |
| AGENTS MUTUAL INSURANCE COMPANY | |
| APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT |
| V. | [NO. 66-FCV-13-1110] |
| MELISSA BENHAM, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | HONORABLE STEPHEN M. TABOR, JUDGE |
| APPELLEE | |
| | REMANDED WITH INSTRUCTIONS. |

**KAREN R. BAKER, Associate Justice**

Appellant, Agent Mutual Insurance Company (AMIC), brings an interlocutory appeal of the Sebastian County Circuit Court's order certifying a class action filed by appellee Melissa Benham, individually and on behalf of all others similarly situated. On November 26, 2013, Benham filed a class-action complaint asserting causes of action for breach of contract and unjust enrichment. Benham's complaint alleged that AMIC improperly depreciated the cost of labor in the payment of certain claims for dwelling or structure damages. On June 1, 2018, Benham filed a motion for class certification, appointment of class representatives, and appointment of class counsel. On September 17, 2018, the circuit court entered an order granting Benham's motion. On the same day, the

circuit court also entered an order denying, in part, AMIC's "Objections and Motion for Protective Order" on certain discovery.

AMIC brings this interlocutory appeal and presents two issues: (1) the circuit court erred in granting the motion for class certification and (2) the circuit court abused its discretion in denying, in part, AMIC's objections and motion for protective order. Because the class-certification order at issue does not comply with Arkansas Rule of Civil Procedure 23(b), we remand this matter with instructions.

I. *Standard of Review*

An interlocutory appeal may be taken from an order certifying a case as a class action in accordance with Rule 23 of the Arkansas Rules of Civil Procedure. Circuit courts are given broad discretion in matters regarding class certification, and we will not reverse a circuit court's decision to grant or deny class certification absent an abuse of discretion. *ChartOne, Inc. v. Raglon*, 373 Ark. 275, 283 S.W.3d 576 (2008). When reviewing a circuit court's class-certification order, this court reviews the evidence contained in the record to determine whether it supports the circuit court's decision. *Teris, LLC v. Golliher*, 371 Ark. 369, 266 S.W.3d 730 (2007). Our focus is "whether the requirements of Rule 23 are met," and "it is totally immaterial whether the petition will succeed on the merits or even if it states a cause of action." *Philip Morris Cos. v. Miner*, 2015 Ark. 73, at 3, 462 S.W.3d 313, 316 (quoting *Am. Abstract & Title Co. v. Rice*, 358 Ark. 1, 9, 186 S.W.3d 705, 710 (2004)).

2

## II. *Class Certification*

Rule 23 of the Arkansas Rules of Civil Procedure governs class actions and class

certification. The rule provides, in pertinent part:

> (a) *Prerequisites to Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties and their counsel will fairly and adequately protect the interests of the class.
>
> (b) *Class Actions Maintainable.* An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. . . . *An order certifying a class action must define the class and the class claims, issues, or defenses.*

(Emphasis added.)

Having considered the requirements of Rule 23, we now turn to the circuit court's

order granting class certification:

> Comes now before the Court Plaintiff's Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel. Upon a review of the pleadings and after hearing argument of counsel, the Court for its Order finds:
>
> The Court hereby grants the motion and certifies the instant matter as a class action. The class is defined as: All persons and entities that received "actual cash value" payments, directly or indirectly, from Agents Mutual for loss or damage to a dwelling or other structure located in the State of Arkansas, such payments arising from events that occurred within the ten years preceding the date of the filing of the Class Action Complaint, where the cost of labor was depreciated. Excluded from the Class are: (1) all persons and entities that received a full replacement cost from Agents Mutual; (2) all persons and entities that received payment from Agents Mutual in the full

amount of insurance shown on the declarations page; (3) Agents Mutual and its affiliates,
officers and directors; (4) members of the judiciary and their staff to whom this action is assigned; and (5) Plaintiff's counsel.

Further, the plaintiff, Melissa Benham is hereby appointed as representative of the class and her counsel, Steven E. Vowell, William B. Putman, Tom Thompson III and Casey Castleberry are appointed as attorneys of record for the class.

In this case, the parties agree that the circuit court's order does not comply with Rule 23(b). We agree. As noted above, the last sentence of subsection (b) clearly states that "[a]n order certifying a class action *must define the class* and the *class claims, issues, or defenses*." (Emphasis added.)  Here, as required by the rule, the circuit court defined the class as

[a]ll persons and entities that received "actual cash value" payments, directly or indirectly, from Agents Mutual for loss or damage to a dwelling or other structure located in the State of Arkansas, such payments arising from events that occurred within the ten years preceding the date of the filing of the Class Action Complaint, where the cost of labor was depreciated.

However, the circuit court failed to comply with the remainder of Rule 23(b)'s requirements to define the "class claims, issues, or defenses.  As we explained in *Industrial Welding Supplies of Hattiesburg, LLC v. Pinson*, 2017 Ark. 315, 530 S.W.3d 854, the circuit court's failure to define the class claims, issues, or defenses, as required by Rule 23(b), prevents this court from conducting a meaningful review of the order.  *See also Koppers, Inc. v. Trotter*, 2019 Ark. 134, 572 S.W.3d 372.  We noted that Rule 23(b) was amended in 2006 to incorporate the following sentence at the end of that subsection: "An order certifying a class action *must define the class and the class claims, issues, or defenses*."  *Pinson*, 2017 Ark. 315, at 7, 530 S.W.3d at 859 (emphasis added).  In *Baptist Health v. Haynes*, 367

Ark. 382, 240 S.W.3d 576 (2006), we recognized this amendment in a footnote and quoted with approval the Addition to Reporter's Note, 2006 Amendment, as follows:

On May 25, 2006, this court issued a per curiam in which it adopted certain amendments to Rule 23. Of specific import for the case at hand, Rule 23(b) was revised to incorporate the following sentence at the end of that subsection: "An order certifying a class action *must define the class and the class claims, issues, or defenses.*" (Emphasis added.) The Addition to Reporter's Note, 2006 Amendment, comments on this addition as follows:

A new sentence has been added to the end of subdivision (b). As the cases make plain, the certification order must define the class in sufficiently definite terms so that the court and the parties may identify the class members. [Citation omitted.] Identifying the claims, issues, and defenses will likewise help in identifying class members and expedite the resolution of the litigation. The amendment tracks existing Arkansas law and the federal Rule. This amendment does not alter the precedent holding that the circuit court is not required to perform a rigorous analysis of the case at the certification stage. *E.g., THE/FRE, Inc. v. Martin*, 349 Ark. 507, 514, 78 S.W.3d 723, 727 (2002). *But the circuit court must "undertake enough of an analysis to enable [the appellate court] to conduct a meaningful review." See Lenders Title Co. v. Chandler*, 353 Ark. 339, 349, 107 S.W.3d 157, 162 (2003).

Addition to Reporter's Notes, 2006 Amendment (emphasis added). Thus, this court's case law, as reflected in *Lenders Title* and *BPS*, [*v. Richardson*, 341 Ark. 834, 20 S.W.3d 403 (2000)] has now been incorporated into the rule itself, and this will hopefully help litigants and courts avoid precisely this sort of issue in the future.

367 Ark. at 391 n.3, 240 S.W.3d at 583 n.3.

Upon our review of the circuit court's order, we hold that it fails to comply with the mandatory requirements contained in Rule 23(b). As in *Pinson* and *Koppers*, this finding is clearly insufficient. Accordingly, because the order granting class certification fails to comply with Rule 23(b), we remand with instructions to enter an order that complies with Rule 23. Because we remand, we are unable to address the merits of the class certification.

5

Further, we do not address AMIC's claim regarding the protective order. Here, the record in this interlocutory appeal demonstrates that AMIC has not complied with Arkansas Rule of Appellate Procedure –Civ. 2(f), and the order is not a final, appealable order. Therefore, based on our discussion above, we remand this matter with instructions.

Remanded with instructions.

Special Justice A.J. KELLY joins in this opinion.

WOOD, J., concurs.

HUDSON, J., not participating.

*David A. Hodges*, for appellant.

*Putman Law Office*, by: *William B. Putnam*; and *Taylor Law Partners*, by: *Steven E. Vowell*, for appellee