ROBIN F. WYNNE, Associate Justice
Stephens Production Company appeals from an order of the Franklin County Circuit Court granting appellees' motion for class certification. Stephens contends that the trial court erred by granting the motion because the requirements of numerosity and superiority were not met. We affirm.
Appellees own mineral interests in land located in Franklin County. Stephens has leases with appellees and others that permit it to explore, drill, produce, and sell hydrocarbons from the leased property.
*907 After Stephens suspended royalty payments, appellees filed a complaint in August 2015 alleging that the payments were suspended in an effort by Stephens to recoup improper deductions. The complaint asserted causes of action for (1) breach of contract; (2) violation of the prudent operator standard, Arkansas Code Annotated section 15-73-207 (Repl. 2009); (3) conversion; (4) violation of Arkansas Code Annotated sections 15-79-601 to -604; (5) fraud and deceit; and (6) violation of the Arkansas Deceptive Trade Practices Act.
Appellees moved for class certification on March 19, 2018. The class sought to be certified was described as
[a]ll persons or entities who are, or were, royalty owners in wells producing natural gas from the Barton Production Unit in Franklin County, Arkansas where Stephens Production Company is or was the operator and/or working interest owner/lessee under oil and gas leases which contain the following lease language:
"Lessee shall pay Lessor one-eighth (or applicable royalty if amended) of the proceeds received by Lessee at the well for all gas (including substances contained in such gas) produced from the leased premises and sold by Lessee."
Exclusions: The following persons are excluded from the class:
The persons or entities excluded from the Class are: (a) all governmental entities, including federal, state and local governments and their respective agencies, departments, or instrumentalities; (b) the States and territories of the United States or any foreign states or territories; (c) the United States of America; (d) any persons or entities that Plaintiffs' counsel is, or may be, prohibited from representing under the Arkansas Rules of Professional Conduct, including Defendant's counsel, their firms, and members of their firms; and (j) members of the judiciary and their staff to whom this action is assigned.
In their brief in support of the motion to certify, appellees alleged that the potential class numbered more than thirty-six members and "is so numerous and geographically dispersed that joinder of all members is impractical." They further alleged that a class-action suit was the superior method of resolving the dispute, as the central legal and factual issues presented are common to all members of the class. Appellant opposed the motion, contending that the requirements for class certification had not been met. Appellant asserted that the number of potential class members was too small to warrant certification. It also asserted that a class action was not superior to other methods for resolving the dispute because there existed no common questions of law and fact, and the potential class is too small for the time and expense involved in a class-action suit. After a hearing, the trial court entered an order granting appellees' motion and certifying the proposed class. This appeal followed.
Appellant argues that certain requirements for certification of a class were not met here. The six requirements for class-action certification as stated in Rule 23 of the Arkansas Rules of Civil Procedure (2017) are (1) numerosity, (2) commonality, (3) typicality, (4) adequacy, (5) predominance, and (6) superiority. Diamante, LLC v. Dye , 2013 Ark. 501, at 2, 430 S.W.3d 710, 714. The proposed class must be susceptible to precise definition, and before a class can be certified under Rule 23, the class description must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the *908 proposed class. See Van Buren Sch. Dist. v. Jones , 365 Ark. 610, 232 S.W.3d 444 (2006).
The determination that the class-certification criteria have been satisfied is a matter within the broad discretion of the trial court, and this court will not reverse the trial court's decision absent an abuse of that discretion. ChartOne, Inc. v. Raglon , 373 Ark. 275, 283 S.W.3d 576 (2008). In reviewing a class-certification order, this court focuses on the evidence in the record to determine whether it supports the trial court's conclusion regarding certification. Id. Neither the trial court nor this court shall delve into the merits of the underlying claims when deciding whether the Rule 23 requirements have been met. Id. In this regard, "a trial court may not consider whether the plaintiffs will ultimately prevail, or even whether they have a cause of action." Carquest of Hot Springs, Inc. v. Gen. Parts, Inc. , 367 Ark. 218, 223, 238 S.W.3d 916, 920 (2006).
Appellant first argues that the requirement of numerosity is not met here. Rule 23(a) of the Arkansas Rules of Civil Procedure (2017) states that, as a prerequisite to a class action, the class must be so numerous that joinder of all members is impractical. We have not adopted a bright-line rule to determine how many class members are required to satisfy the numerosity requirement. See, e.g., Summons v. Mo. Pac. R.R. , 306 Ark. 116, 813 S.W.2d 240 (1991). In Cheqnet Systems, Inc. v. Montgomery , 322 Ark. 742, 911 S.W.2d 956 (1995), we held that the exact size of the proposed class and the identity of the class members need not be established for the court to certify a class, and the numerosity requirement may be supported by common sense.[1]
Appellant points to this court's decision in North Little Rock v. Vogelgesang , 273 Ark. 390, 619 S.W.2d 652 (1981), in which a potential class of seventeen members was deemed insufficient to satisfy the numerosity requirement. Appellant contends that if a seventeen-member class is insufficient, then a thirty-six-member class is insufficient as well. It is important to note that in Vogelgesang , this court affirmed an order denying a motion for class certification, whereas here we are reviewing an order granting a motion for class certification. As stated above, we review such orders under an abuse-of-discretion standard. SEECO, Inc. v. Stewmon , 2016 Ark. 435, 506 S.W.3d 828. An abuse of discretion means discretion exercised improvidently, thoughtlessly, and without due consideration. Id. Here, the circuit court considered the number of potential claimants known at the time to exist and determined that joinder of all potential claimants would be impractical. We cannot say that this finding constitutes an abuse of discretion. Further, this court has held that when the numerosity question is a close one, the balance should be struck in favor of a finding of numerosity in light of the trial court's option to later decertify. Fraley v. Williams Ford Tractor & Equip. Co. , 339 Ark. 322, 344, 5 S.W.3d 423, 437 (1999). Given the standard of review and the trial court's option to decertify at a later date, we affirm on this point.
Appellant also argues that appellees failed to satisfy the superiority requirement. A class action may be maintained if it is superior to other available methods for the fair and efficient adjudication *909 of the controversy. Ark. R. Civ. P. 23(b) (2017). This court has held that the superiority requirement is satisfied if class certification is the more efficient way of handling the case, and it is fair to both sides. Johnson's Sales Co., Inc. v. Harris , 370 Ark. 387, 260 S.W.3d 273 (2007). We have held that when a cohesive and manageable class exists, real efficiency can be had if common, predominating questions of law or fact are first decided, with cases then splintering for the trial of individual issues, if necessary. Id.
Appellant does not contend on appeal that common issues of law or fact do not exist. Instead, appellant contends that superiority is not met here because the class is too small and the potential class members who have not joined the litigation had three years to do so before the class-certification motion was filed, making it unfair for appellant to be subjected to liability for claimants who were not interested in joining the litigation. The avoidance of multiple suits lies at the heart of any class action. See Lambert and Lambert Investors, Inc. v. Harris , 2016 Ark. 24, 480 S.W.3d 138. Here, the pertinent language in the leases is the same for all potential class members. The complaint alleges that appellant's actions were the same as to all potential class members. A class action will allow the issue of liability to be determined in one case, as opposed to being relitigated in multiple separate cases.
Under these circumstances, a class action is the superior method of adjudicating this controversy. Proceeding as a class action is also fair to both sides, as each will be permitted to present evidence on the issue of whether appellant's cessation of royalty payments was permissible. ChartOne, Inc. , 373 Ark. at 288, 283 S.W.3d at 586. We hold that the trial court did not abuse its discretion in determining that the superiority requirement is satisfied here.
Affirmed.
Kemp, C.J., and Wood and Womack, JJ., dissent

The trial court's order indicates that at the time the order was entered, counsel for appellees had not completed its review of appellant's records, which would yield the final number of potential class members.