Cite as 2019 Ark. 346
# SUPREME COURT OF ARKANSAS
No. CV-19-362

| | |
|---|---|
| | **Opinion Delivered:** November 21, 2019 |
| INFINITY HEALTHCARE MANAGEMENT OF ARKANSAS, LLC; SKYLINE HEALTHCARE, LLC; HIGHLANDS OF NORTH LITTLE ROCK JOHN ASHLEY HOLDINGS, LLC, D/B/A NORTH LITTLE ROCK HEALTH AND REHABILITATION; 2501 JOHN ASHLEY DRIVE HOLDINGS, LLC; SKYLINE HIGHLAND HOLDINGS, LLC; JS HIGHLAND HOLDINGS, LLC; SKYLINE SERVICES GROUP, LLC; SKYLINE ARKANSAS HEALTHCARE, LLC; AND SKYLINE ARKANSAS HOLDINGS, LLC | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CV-18-4245]<br><br>HONORABLE WENDELL GRIFFEN, JUDGE |
| APPELLANTS | |
| | AFFIRMED. |
| V. | |
| DAFONY BOYD, DEANA ATKINS-DAVIS, LATOYIA FLOYD, AND HANNAH BARNES | |
| APPELLEES | |

**COURTNEY RAE HUDSON, Associate Justice**

Appellants Infinity Healthcare Management of Arkansas, LLC (Infinity); and Skyline

Healthcare, LLC; Highlands of North Little Rock John Ashley Holdings, LLC, d/b/a North

Little Rock Health and Rehabilitation; 2501 John Ashley Drive Holdings, LLC; Skyline

Highland Holdings, LLC; JS Highland Holdings, LLC; Skyline Services Group, LLC;

Skyline Arkansas Healthcare, LLC; and Skyline Arkansas Holdings, LLC (collectively Skyline); appeal the Pulaski County Circuit Court's March 7, 2019 order granting class certification for nursing employees at a health and rehabilitation facility. Infinity also appeals the circuit court's March 15, 2019 ruling on its objections to class certification; the circuit court's April 1, 2019 order on its motion for rulings on its opposition to class certification, motion for findings of fact and conclusions of law under Arkansas Rule of Civil Procedure 52(b)(1), and motion to modify class-certification order under Arkansas Rule of Civil Procedure 60(a); and all intermediate rulings involving the substance of those orders, merged with those orders, or necessarily affecting those orders. Skyline also appeals the circuit court's April 1, 2019 ruling on their motion for rulings on their opposition to class certification, motion for findings of fact and conclusions of law under Rule 52(b)(1), and motion to modify class-certification order under Rule 60(a).

For reversal, Skyline and Infinity both argue that appellees failed to meet their burden to prove class-certification requirements of numerosity, commonality, typicality, adequacy, predominance, and superiority, and that the circuit court's class-certification order is insufficient under Arkansas Rules of Civil Procedure 23(b) and 52(a)(1). Infinity further argues that (1) the plaintiffs below are not "members of a class" to sue as a representative party because Infinity did not exist when they were employed at the facility, and (2) this court should direct the circuit court to decide its motion to dismiss before taking up any remaining class-certification issues. Our jurisdiction is pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(9). We affirm.

2

Appellees Dafony Boyd, Deana Atkins-Davis, Latoyia Floyd, and Hannah Barnes filed a class-action complaint on June 21, 2018, naming twelve original defendants. Appellees voluntarily dismissed their claims against three of the original defendants and filed an amended complaint against the remaining nine defendants on October 4, 2018. The amended complaint asserted that the appellees worked as non–exempt, hourly-paid, licensed practical nurses (LPNs) and certified nursing assistants (CNAs) at a nursing home and rehabilitation center known as "Northridge" or "the facility" located on John Ashley Drive in North Little Rock. Appellees claimed that Northridge had a common policy and practice of deducting a thirty-minute meal break from the plaintiffs' and putative class members' hours worked each shift whether or not those employees were actually able to take the break. Appellees alleged that they routinely worked through their shifts without taking the break and were not paid for the work that they performed during that time. Appellees thus alleged that Northridge's meal-deduction policy violated the minimum–wage and overtime provisions of the Arkansas Minimum Wage Act (AMWA). Ark. Code Ann. §§ 11-4-210(a), –211(a). The AMWA provides that

> [b]eginning January 1, 2015, every employer shall pay each of his or her employees wages at the rate of not less than seven dollars and fifty cents ($7.50) per hour, beginning January 1, 2016, the rate of not less than eight dollars ($8.00) per hour, and beginning January 1, 2017, the rate of not less than eight dollars and fifty cents ($8.50) per hour, except as otherwise provided in this subchapter.

Ark. Code Ann. § 11-4-210(a)(2) (Pamp. No. 3, Apr. 2019).[1]

With exceptions not relevant here, the AMWA also provides that "no employer shall employ any of his or her employees for a work week longer than forty (40) hours unless the employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half (1 1/2) times the regular rate of pay at which he or she is employed." Ark. Code Ann. § 11-4-211(a).

On June 22, 2018, appellees filed a motion for class certification in the circuit court. Although a hearing was requested, the court decided the issue without a hearing and entered a March 7, 2019 order certifying a class as follows:

> All individuals who worked at the facility located at 2501 John Ashley Drive, North Little Rock, Arkansas 72114 as an LPN or CNA, within the past (3) years, excluding named Defendants and relatives of named Defendants.

In its order, the circuit court noted that the class was so numerous that joinder was impracticable because an average of fifty employees worked at the facility on any given day and that common factual and legal issues predominated over individual issues, including, but not limited to:

> A. Whether the facility owners satisfied the obligation to pay plaintiffs and putative class members at least the minimum wage for the hours worked as required by the Act;
>
> B. Whether the facility owners satisfied the obligation to pay overtime compensation to plaintiffs and putative class members for hours worked over forty hours in a work week as required by the Act; and

---

[1]At the November 6, 2018 general election, voters approved an initiated measure amending Arkansas Code Annotated section 11-4-210(a) and providing for a $9.25 per-hour minimum wage beginning January 1, 2019.

4

C. Whether the facility owners had a policy or practice of automatic deduction of meal time hours.

The circuit court further found that the claims are typical because the alleged unlawful conduct is directed at plaintiffs and the putative class and that the class representatives will fairly and adequately protect the interests of the class because they are members of the proposed class and are intimately familiar with the facility owners' conduct and policy governing the issues in this case. The circuit court determined that resolution of the common issues through a class action is the superior method and a fair and efficient adjudication of the controversy.

After its order granting class certification, the circuit court entered orders granting Skyline's and Infinity's motions for a ruling on their objections to the class and for findings pursuant to Rules 23(b) and 52(b)(1). The circuit court overruled the objections and made specific findings using forms Skyline and Infinity provided. Skyline and Infinity filed timely notices of appeal.

Class certification of a lawsuit is governed by Rule 23 of the Arkansas Rules of Civil Procedure. Circuit courts are given broad discretion in matters regarding class certification, and we will not reverse a circuit court's decision to grant or deny class certification absent an abuse of discretion. *GGNSC Arkadelphia, LLC v. Lamb ex rel. Williams*, 2015 Ark. 253, 465 S.W.3d 826. When reviewing a circuit court's class-certification order, this court reviews the evidence contained in the record to determine whether it supports the circuit court's decision, and our focus is on whether the requirements of Rule 23 are met without

5

regard to whether the petition will succeed on the merits or even if it states a cause of action. *Id*.

Our law is well settled that the six requirements for class-action certification, as stated in Rule 23, are (1) numerosity, (2) commonality, (3) typicality, (4) adequacy, (5) predominance, and (6) superiority. *Gen. Motors Corp. v. Bryant*, 374 Ark. 38, 285 S.W.3d 634 (2008). In addition to the requirements of Rule 23, the court must be able to objectively identify members of the class. *Farmers Ins. Co. v. Snowden*, 366 Ark. 138, 233 S.W.3d 664 (2006). As discussed above, Infinity and Skyline first challenge the circuit court's findings as to all six of the Rule 23 factors. We discuss each in turn.

*Numerosity*

The circuit court found that the class is so numerous that joinder is impracticable because the facility averaged fifty employees daily. Infinity and Skyline both argue that appellees consistently referred to "nursing employees" and that the circuit court referred generally to the fifty employees the facility "averaged daily." Appellants argue that the circuit court's finding was insufficient as to the number of class members and that some "nursing employees" were registered nurses and therefore not included in the class definition. Appellees counter that there were fifty nursing employees working at the facility each day and that although some may not have been LPNs or CNAs, the vast majority were, and an exact number is not needed.

The first Rule 23(a) requirement for class certification is that the class be so numerous that joinder of all members is impracticable. Ark. R. Civ. P. 23(a)(1). We have held that

the exact size of the proposed class and the identity of the class members need not be established for the court to certify the class, and the numerosity requirement may be supported by common sense. *Cheqnet Sys., Inc. v. Montgomery*, 322 Ark. 742, 911 S.W.2d 956 (1995). We have not adopted a bright-line rule to determine how many class members are required to satisfy the numerosity requirement. *Fraley v. Williams Ford Tractor & Equip. Co.*, 339 Ark. 322, 5 S.W.3d 423 (1999).

No employee in any occupation works all day, every day. Therefore, if fifty employees are working at Northridge on any given day, common sense tells us that more than fifty persons are surely employed. We have held that certification of a class of "more than thirty-six members" was not an abuse of discretion. *Stephens Prod. Co. v. Mainer*, 2019 Ark. 118, 571 S.W.3d 905. We have also said that when the numerosity question is a close one, the balance should be struck in favor of finding numerosity. *Id.* In light of these holdings, we conclude that the circuit court's finding was sufficient and that its determination that numerosity was satisfied was not an abuse of discretion.

*Commonality*

As set forth above, the circuit court determined that common questions included, but were not limited to, whether facility owners paid the minimum wage or overtime as required and whether the owners had an automatic time-deduction policy. Skyline argues that commonality is lacking because forms to reclaim automatically deducted time were sometimes available and not available at other times. When time-reclamation forms were completed, employees were paid for the work they performed while they were on breaks.

Both appellants argue that this case is too individualized to be appropriate for class certification and that it is like the class that we found inappropriate in *Arkansas Department of Veterans Affairs v. Mallett*, 2015 Ark. 428, 474 S.W.3d 861. Appellees, however, contend that this case is more similar to the class we approved in *Arkansas Department of Veterans Affairs v. Okeke*, 2015 Ark. 275, 466 S.W.3d 399. Infinity additionally argues that it was never an employer of any class member, that there were multiple entities with different ownership periods, and that the common questions that were certified do not satisfy the commonality prerequisite.

Rule 23(a)(2) requires the circuit court to determine that "there are questions of law or fact common to the class." *Johnson's Sales Co. v. Harris*, 370 Ark. 387, 391, 260 S.W.3d 273, 276 (2007). When a class–action defendant "has engaged in a course of conduct that affects a group of persons and gives rise to a cause of action, one or more elements of that cause of action will be common to all persons affected." *Rosenow v. Alltel Corp.*, 2010 Ark. 26, at 6, 358 S.W.3d 879, 885. The rule does not require that all questions of law or fact be common; rather, the standard is that there need only be a single issue common to all members of the class. *Okeke*, 2015 Ark. 275, 466 S.W.3d 399.

Both *Okeke* and *Mallett* involved allegations of AMWA violations relating to automatic deductions of work hours for meal breaks and pre- and post-shift work claims. When we analyzed the proposed classes in *Okeke* and *Mallett*, we concluded that the *Okeke* plaintiffs were all RNs, LPNs, and CNAs who held the same or similar positions. In *Mallett*, the proposed class included employees holding a variety of jobs in such diverse positions as

8

human resources specialist, security officer, and maintenance supervisor. The facts in this case closely resemble those in *Okeke* in that all class members are involved in providing nursing care. We found commonality in *Okeke* because there were two central questions: "whether ADVA's time reclamation policy is reasonable (liability) and whether each plaintiff or potential plaintiff followed the policy (damages)." *Okeke*, 2015 Ark. 275, at 9, 466 S.W.3d at 404–05. The record indicates that Northridge had a time-reclamation policy for at least part of the relevant time period. Appellees assert that the time-reclamation policy was the same even if at times the availability of the claim forms was inconsistent. We said in *Okeke* that an automatic time-deduction policy is not necessarily legal or illegal, and in this case, we have a similar situation, that is, (1) whether the time-reclamation policy and procedure is reasonable and (2) whether any specific individual has damages. The common questions remain regardless of who the owner or employer is at any given time, and they satisfy the commonality requirement. Infinity's additional defense that it was not in existence when the class representatives worked at the facility does not prevent class certification because we do not delve into the merits of claims or defenses at the class-certification stage. *See Fraley*, 339 Ark. 322, 5 S.W.3d 423. The circuit court's conclusion that common questions exist was not an abuse of discretion.

*Typicality*

The circuit court found that the claims are typical because the same alleged unlawful conduct was directed at the plaintiffs as well as the putative class. Infinity's typicality challenge is based primarily on its argument that it was not in existence at the time of the

9

alleged violations. Skyline argues that the named class members do not have claims typical of the class because their job duties varied.

Rule 23(a)(3) requires that the claims or defenses of the representative parties be typical of the claims or defenses of the class. The typicality requirement is satisfied if the class representative's claim arises from the same wrong allegedly committed against the class. Thus, a claim is typical if it arises from the same practice or course of conduct that gives rise to the claims of other class members and if the representative's claims are based on the same legal theory. *DIRECTV, Inc. v. Murray*, 2012 Ark. 366, 423 S.W.3d 555.

In this case, the claims of the named representatives and proposed class members are based on the same practice or course of conduct of the facility owners. Although the representatives' and class members' jobs may have varied slightly, they were all involved in providing nursing care, just like the class in *Okeke*. They were not involved in widely varied job classifications like the *Mallett* plaintiffs. Additionally, as set forth above, defenses as to who the facility owners or managers may be at any given time are not appropriate to consider at the class-certification stage. Therefore, the circuit court did not abuse its discretion in finding that the claims are typical.

*Adequacy*

The circuit court concluded that the class representatives would fairly and adequately represent the class because they are members of the class and are intimately familiar with the facility owners' conduct and policy governing the case. Infinity argues that the representative parties are inadequate because Infinity never employed any of them when the illegal actions

10

allegedly occurred. Skyline contends that adequacy is lacking because of differences in job duties between Floyd and Boyd and the class, the short period of time Atkins-Davis worked at the facility, and the question as to whether Barnes was actually employed by a facility owner instead of an employment agency. Appellees argue that adequacy is met because all named plaintiffs provided patient care and that Infinity's defense that it was not an employer of any class member is a merits question that is improper to consider at this stage.

Rule 23(a)(4) requires the representative parties to fairly and adequately protect the interests of the class. We have interpreted this rule to mean that (1) the representative counsel must be qualified, experienced, and generally able to conduct the litigation; (2) there must be no evidence of collusion or conflicting interest between the representative and the class; and (3) the representative must display some minimal level of interest in the action, familiarity with the practices challenged, and ability to assist in decision-making as to the conduct of the litigation. *Asbury Auto. Grp., Inc. v. Palasack*, 366 Ark. 601, 237 S.W.3d 462 (2006) (internal citations omitted).

The record indicates that all the named class members for at least some period of time had similar jobs and that all are familiar with the facility's payment procedures. Although Infinity may have a defense that it was not an owner during the time of the alleged violations, we do not consider defenses at the class-certification stage. Likewise, now is not the time to consider any defense as to whether Barnes was an employee of any facility owner. The circuit court did not abuse its discretion in finding adequacy.

*Predominance*

When it outlined some of the common questions in this case, the circuit court determined that common legal and factual issues predominated over the individual issues. Infinity argues that predominance is not met because there were multiple owners when the alleged violations occurred. Skyline argues against predominance by asserting that the procedures changed during the relevant time and that some employees were able to submit time-reclamation forms. Appellees contend that the facility's policy was the same and that only the availability of time-reclamation forms varied.

Rule 23(b) requires that common questions of law and fact predominate over any questions affecting only individual members. *Okeke*, 2015 Ark. 275, 466 S.W.3d 399. If a defendant's practices vary from class member to class member, class certification is not appropriate. *Union Pac. R.R. v. Vickers*, 2009 Ark. 259, 308 S.W.3d 573. We explained the predominance requirement in *Okeke* as follows:

> The predominance requirement is more stringent than the commonality requirement. *Rosenow v. Alltel Corp.*, 2010 Ark. 26, at 10, 358 S.W.3d 879, 886. The standard for testing predominance has been set out as follows:
>
>> When deciding whether common questions predominate over other questions affecting only individual members, this court does not merely compare the number of individual versus common claims. Rather, this court decides if the preliminary, overarching issues common to all class members "predominate over" the individual issues, which can be resolved during the decertified stage of a bifurcated proceeding. Thus, the mere fact that individual issues and defenses may be raised regarding the recovery of individual members cannot defeat class certification where there are common questions concerning the defendant's alleged wrongdoing that must be resolved for all class members.

> *Rosenow,* 2010 Ark. 26, at 10, 358 S.W.3d at 886–87 (quoting *Vickers,* [2009 Ark. 259], at 9, 308 S.W.3d at 578–79 (citations omitted)). This court has further said that if a case involves preliminary issues common to all class members, predominance is satisfied even if the court must subsequently decertify a class due to individualized damages. *Rosenow,* 2010 Ark. 26, at 10, 358 S.W.3d at 887.

*Id.* at 9–10, 466 S.W.3d at 405.

Even if the procedures on break-time payments changed during the relevant time, the conduct of the defendants toward the class is a common question that applies equally to all class members, and it predominates. Likewise, we do not delve into the merits of any defense Infinity may have when we consider certification of the class. Here, as in *Okeke*, the evidence supports the circuit court's conclusion that common questions predominate. The circuit court did not abuse its discretion on this point.

### Superiority

Finally, the circuit court found that resolution of the common questions through a class action was the superior method for a fair and efficient adjudication of the controversy. Appellants argue that a class action is not the superior way of handling the claims because of the highly individualized, employee-by-employee, and week-by-week proof. Both Infinity and Skyline essentially argue that individual trials would be necessary to establish liability and damages. Appellees respond that a class-action is superior because it is an efficient way to resolve claims in one proceeding and that appellants will not be required to defend multiple lawsuits.

A class action may be maintained if it is "superior to other available methods for the fair and efficient adjudication of the controversy." Ark. R. Civ. P. 23(b). The superiority

requirement is satisfied if class certification is the more efficient way of handling the case and it is fair to both sides. *City of Conway v. Shumate*, 2017 Ark. 36, 511 S.W.3d 319. Although Infinity and Skyline cite several federal cases purportedly supporting their view that superiority is not present because "the individual issues are so pervasive," federal cases are of limited value due to the fact that we do not follow the "rigorous analysis" standard applied by federal courts to Rule 23 class certification. *See Okeke*, 2015 Ark. 275, 466 S.W.3d 399.

As in *Okeke*, the appellees in this case alleged AMWA violations. Appellees claimed that the violations arose from a practice and policy of the defendants. The facility's practice and policy, whatever it was, was applied equally to all class members. This case is also like *Okeke* in that the appellants may be able to demonstrate that some employees were compensated when they worked during the break periods. However, as we observed in *Okeke*, any determination of whether class members suffered damages goes to the merits of the claims, which is not an appropriate consideration at the class-certification stage. Additionally, "the class can be decertified after common questions have been litigated, if the circuit court decides it is appropriate to do so." *Okeke*, 2015 Ark. 275, at 12, 466 S.W.3d at 406. The circuit court did not abuse its discretion in finding that superiority was met.

Infinity and Skyline both additionally argue that the circuit court's class-certification order is insufficient because it did not engage in a Rule 23 analysis or provide specific findings or conclusions of law. They also contend that they were entitled to more specific

findings under Rule 52(a)(1). Appellees argue that the order is sufficient and note that the appellants prepared the circuit court's findings that they now challenge.

Rule 23(b) requires that an order certifying a class action "must define the class and the class claims, issues, or defenses." We have held insufficient a circuit court's order, which said in conclusory fashion that "the Plaintiffs have satisfied all elements of Rule 23 of the Arkansas Rules of Civil Procedure and class certification is appropriate in this case." *Indus. Welding Supplies of Hattiesburg, LLC v. Pinson*, 2017 Ark. 315, at 6, 530 S.W.3d 854, 858. In *Koppers, Inc. v. Trotter*, 2019 Ark. 134, at 4, 572 S.W.3d 372, 375, we held a class-certification order insufficient when it said only, "Having considered the submissions of the parties and the arguments of counsel, the court finds that the requirements of Arkansas Rule of Civil Procedure 23 are satisfied and therefore GRANTS the motion for class certification."

Rule 52(a)(1) states that "[i]f requested by a party at any time prior to entry of judgment, in all contested actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon." When invoked, Rule 52 requires a circuit court to make findings of fact and conclusions of law when addressing a request for class certification. *Conley v. Boll Weevil Pawn Co., Inc.*, 2019 Ark. 31, 566 S.W.3d 125.

The class-certification order in this case described the class that was certified and was far more detailed than the ones we found deficient in *Pinson* and *Koppers*. Furthermore, with their Rule 52 motions, Infinity and Skyline actually prepared a multipage form for the

15

circuit court to use in making its findings of fact and conclusions of law. The circuit court did in fact use this form. The circuit court did not abuse its discretion in either its class-certification order or in its Rule 52 order using the form that Infinity and Skyline provided to specifically address the issues they had raised.

The last point on appeal is raised solely by Infinity, which argues that the circuit court erred by not ruling on its motion to dismiss before certifying the class. Infinity argues in its motion to dismiss that it was never in an employment relationship with any plaintiff during the time of the alleged violations and that it could be spared months of unnecessary litigation and multiple appeals if the court granted its motion to dismiss. According to Infinity, class actions "are not a refuge for legally shaky and factually speculative claims such as the Plaintiffs' claims against Infinity." Appellees respond that Infinity is improperly seeking a premature ruling on the merits of their claims.

We have said that it is possible to dismiss a class-action case pursuant to Rule 12(b)(6) at the pleading stage prior to class certification. *Kersten v. State Farm Mut. Auto. Ins. Co.*, 2013 Ark. 124, 426 S.W.3d 455. However, we have also cautioned that such dismissals should be granted only rarely and that the better course is to allow an appropriate period of discovery. *Id*. Infinity concedes that we have not required that a motion to dismiss be decided before class certification but argues that "[t]he time has come for this court to do so." Although there may be reasons to decide dispositive motions before class certification, such decisions could also be premature. We see no reason to depart from our precedent and

limit the circuit court's discretion by requiring rulings on dispositive motions before a class is certified.

In conclusion, the circuit court properly determined that the requirements of Rule 23 were satisfied, and in its class-certification order, it defined the class and sufficiently set forth the claims and defenses. Although Infinity invites this court to impose a new requirement that dispositive motions be decided before a ruling on a class-certification motion, we decline to do so.

Affirmed.

WOOD, J. concurs without written opinion.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *R.T. Beard III*, *Nathan A. Read*, and *Lauren S. Grinder*, for appellants.

*Holleman & Associates, P.A.*, by: *John Holleman*, *Timothy A. Steadman*, and *Jerry Garner*, for appellees.